TAYLOR ET AL., APPELLEES, *v.* EBERT, APPELLANT, ET AL.

(No. 193—Decided June 1, 1945.)

*Mr. R. E. Snedden,* for appellees.
*Mr. W. W. Garver,* for appellant.

DOYLE, J. The proceeding in the Court of Common Pleas of Medina county was one to set aside a sale of real estate by the county auditor, consummated under the claimed authority of the delinquent land tax statutes (Section 5704 *et seq.,* General Code).

The record shows that the plaintiffs, in the fore part of December, 1938, paid to the county treasurer all delinquent taxes, penalties and interest on the property in question. Such payment, however, did not include the taxes for the first half of the year 1938 and payable in December. On the 15th of September, 1939 (no further payments having been made), the property was certified delinquent by the auditor under authority of Section 5705, General Code.

After the expiration of three years—December, 1942 —(no further taxes having been paid), the county auditor submitted the delinquent property to a board consisting of the president of the board of county commissioners, the county auditor, and the county treasurer, which ordered that the lands be omitted

from foreclosure proceedings (Section 5718-1, General Code). The lands were then forfeited to the state and summarily sold pursuant to the provisions of Section 5744 *et seq.*, General Code (Chapter 15, forfeited lands).

The trial court determined that the. sale "be set aside and declared null and void." It further found that the real value of the lands was $600, "and that a sale of such lands by judicial proceedings in foreclosure would have brought * * * much more money than required to pay all taxes, assessments and penalties thereon in arrears, together with costs of foreclosure," and also that the board provided for in Section 5718-1, General Code, "did not use due diligence and discretion to ascertain value," etc.

A motion for a new trial having been overruled, the case is before this court on appeal on questions of law. C. M. Ebert, one of the defendants, and the purchaser of the property at tax sale, is the only appellant.

The controlling question is whether there was a failure to comply with Section 5718-1, General Code, as enacted in 1941, and whether such fact, if true, justified the trial court in setting aside the sale.

Section 5718-1, General Code (as enacted in 1941), is as follows:

"Before making the certificates provided for in Section 5718 of the General Code, the county auditor shall submit the list of lands on the delinquent list and subject to *foreclosure,* to a board composed of the president of the board of county commissioners, the county auditor and the county treasurer, *and if, after investigation, in their judgment and discretion,* such board is of the opinion that such list contains property or properties so certified *which will not bring upon a sale a sufficient amount of money to pay all* taxes, *assessments* and penalties thereon in arrears, together with costs of foreclosure, such board may order the

same to be *omitted from the foreclosure proceedings* as herein provided * * *." (Italics ours.)

The various statutes provide, among other things, two methods for tax sale. One method is through foreclosure proceedings in court, and the other by summary sale after having been "omitted from the foreclosure proceedings" under the provisions of the above-quoted section of the Code.

1. Did the board comply with the Code?

The evidence is that at the time of the tax sale to Mr. Ebert there was owing approximately $30 in delinquent taxes, assessments and penalties. The costs of a foreclosure sale would be "between $65 and $75" (witness McNeal, of the office of clerk of courts). Added together these sums amount to approximately $100. In contrast to this $100 figure, there is the testimony of various experts, who estimate the value of the property at from $400 to $800; the records of the county offices which show the property appraised at $430 for tax purposes; and the general location on a main public highway of four acres of land. The evidence further shows the statutory rule for "omission from foreclosure" was not, at least by all of the members of the board, followed in making their decision. There is evidence by one of the official members of the board who judged this property, that "There is no set rule I know of on vacant land; as I say, it goes by the *size* of the property; if it is a large acreage, * * * that would be on foreclosure, if a small area, a small acreage, a small parcel, we put it on forfeiture. I don't know of any set rule, you have to use your own judgment." (Italics ours.)

Of course, the statute does fix a set rule. It provides that the board may omit it from foreclosure if in their judgment it will not bring upon sale a sufficient amount of money to pay all delinquencies plus the costs of foreclosure. If the board does not so

find, then the property must be foreclosed. A board cannot act arbitrarily and without proper investigation. As we view the record in its entirety, and especially confronted with a record which shows a valuable property with an approximate $30 tax, assessment and penalty lien upon it, sold at summary sale for the sum of $85, we are of the opinion that the Common Pleas Court judgment was in all respects correct when it found that the board abused its discretion in omitting the land from foreclosure.

The record before us presents an interesting paradox. Public officers of the county appraised the property for tax purposes at $430, yet other officials of the same county inferentially determined that it did not have a value of one-fourth that amount.

2. Under such a showing, the Court of Common Pleas was fully justified in finding an abuse of discretion and setting aside the sale. Its order and judgment will be in all respects affirmed.

*Judgment affirmed.*

WASHBURN, P. J., and STEVENS, J., concur.